**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | | |
|---|---|---|
| WILLIAM C. ROBERTSON and CAREY W. ROBERTSON | | PLAINTIFFS |
| v. | No. 1:09CV00020 JLH | |
| UNION PACIFIC RAILROAD COMPANY and XTO ENERGY INC. | | DEFENDANTS |

**OPINION AND ORDER**

The plaintiffs filed a complaint in the Circuit Court of Jackson County, Arkansas, against the defendants seeking a declaratory judgment with respect to oil and gas rights in real property located in Jackson County. The defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332. The parties have filed cross motions for summary judgment as well as the appropriate responses and replies. For the following reasons, both motions for summary judgment are denied.

**I.**

The plaintiffs are owners of real property located in Jackson County, Arkansas. The plaintiffs trace their ownership of the property to an August 28, 1934, conveyance from the Missouri Pacific Railroad Company to M.H. Pierce and Guy Young. The deed in question contains the following reservation:

> . . . [R]eserving to the said Missouri Pacific Railroad Company and to the said Trustees, Missouri Pacific Railroad Company, Debtor, and each of their successors and assigns, all the minerals upon, in, or under the said land or any part thereof, together with the right to enter upon said land, or any part thereof, and explore, dig, mine or drill for and remove minerals supposed to be in, upon or under the said land, or any part thereof, and to erect, place, use, occupy and enjoy upon said land or any part thereof, such roads and ways, structures, buildings, pipe lines, tools, implements or machinery as may be proper, necessary or convenient in or about the exploring,

> digging, mining or drilling for or removal of any minerals, without any claim for damages on behalf of said second party or assigns.

The plaintiffs are successors in interest to M.H. Pierce and Guy Young, while Union Pacific Railroad Company ("Union Pacific") is the successor in interest to Missouri Pacific Railroad Company. XTO Energy, Inc. ("XTO") currently owns the working interest in the oil and gas rights being claimed by Union Pacific.

The plaintiffs contend that the reservation of "all the minerals upon, in, or under said land" contained in the 1934 deed did not include any oil or gas interests because neither oil nor gas had been discovered in Jackson County, Arkansas, by August 28, 1934, and because the common usage and meaning of the term "minerals" in Jackson County in 1934 did not include oil or gas. The plaintiffs seek a declaration "that Union Pacific does not own the oil and gas rights at issue herein, that XTO does not own a leasehold interest in the oil and gas rights at issue herein, and that the plaintiffs own the oil and gas rights at issue herein." (Compl. ¶ 18.)

## II.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets its burden, the nonmoving party must "come forward with 'specific facts showing that there

is a *genuine issue for trial.*'"  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (quoting FED. R. CIV. P. 56(e)) (emphasis in original). A genuine issue exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

### III.

A reservation of mineral rights in a deed must be interpreted according to the intention of the parties at the time the deed was executed.  "[W]here purposes of the parties can be ascertained from a writing or from general customs, and effect can be given such intentions without impinging a settled rule of law, it should be done."  *Mo. Pac. R.R. Co. v. Strohacker*,152 S.W.2d 557, 562, 202 Ark. 645 (1941); *see also Dierks Lumber & Coal Co. v. Meyer*, 85 F. Supp. 157, 162 (W.D. Ark. 1949) ("In construing this, or any, deed the primary consideration is the intention of the parties, and while deeds are to be construed most favorably for the grantee, emphasis is given to the determination of what the grantor meant by the language of the reservation or exception.").

Mineral rights reservations are brief, general provisions that fail to specify the types of deposits the rights to which are reserved.  *See, e.g.*, *Stegall v. Bugh*, 310 S.W.2d 251, 252, 228 Ark. 632, 632-33 (1958) (reserving "the mineral interest in said lands"); *Carson v. Mo. Pac. R.R. Co.*, 209 S.W.2d 97, 98, 212 Ark. 963, 964 (1948) (reserving "all coal and mineral deposits"); *Mo. Pac. R.R. Co. v. Furqueron*, 196 S.W.2d 588, 588, 210 Ark. 460, 461 (1946) (reserving "all coal and mineral deposits"); *Strohacker*, 152 S.W.2d at 558 (reserving "all coal and mineral deposits").  When this is the case, Arkansas courts determine the intention of the parties by looking at the objective meaning of the term "minerals" at the time the deed was executed.  *Strohacker*, 152 S.W.2d at 563 ("The best construction is that which is made by viewing the subject of the contract, as the mass of

mankind would view it; for it may be safely assumed that such was the aspect in which the parties themselves viewed it."). This rule of property is referred to as the *Strohacker* Doctrine. *See Brizzolara v. Powell*, 218 S.W.2d 728, 729, 214 Ark. 870, 873 (1949).

Under the *Strohacker* Doctrine, the proponent of a general reservation of mineral rights may prove that the reservation in the deed reserved the interest in particular types of deposits by providing evidence that the deposits were considered "minerals" in the area where the property was located and at the time the deed was executed. *Strohacker*, 152 S.W.2d at 561; s*ee Thomas v. Markham & Brown, Inc.*, 353 F. Supp. 498, 501 (E.D. Ark. 1973) (finding that the proponent of the reservation bore the burden of proof). The proponent should provide evidence that the reservation of mineral rights was made at a time when production or exploration of the deposits was general. *Strohacker*, 152 S.W.2d at 561. Based on that and other evidence, the proponent must prove that "legal or commercial usage had assumed [the deposits] to be within the term 'minerals.' " *Id.* This approach is sensible: when exploration or production of a particular deposit becomes common in a given area, the people in that area soon incorporate that type of deposit into their concept of "minerals." *Singleton v. Mo. Pac. R.R. Co.*, 205 F. Supp. 113, 118 (E.D. Ark. 1962). In *Missouri Pacific Railroad Co. v. Strohacker*, the Supreme Court of Arkansas determined that a reservation of "all coal and mineral deposits" in two deeds did not reserve rights to oil and gas deposits because oil and gas were not commonly recognized as minerals in Miller County at the time the deeds were executed. *Strohacker*, 152 S.W.2d at 563; *see also Carson*, 209 S.W.2d at 98, 212 Ark. at 966 (explaining *Strohacker*).

Whether the word "minerals" as used in a deed includes oil and gas is an issue of fact for determination by the court. *Middleton v. W. Coal & Mining Co.*, 241 F. Supp. 407, 422 (W.D. Ark.

1965) ("The [Arkansas] Supreme Court cases which have construed and applied *Strohacker* subsequently are unanimous in their holding that whether or not any particular instrument using the term 'minerals' or 'all minerals' included oil and gas is a question of fact."); *Singleton*, 205 F. Supp. at 117 (quoting *Mothner v. Ozark Real Estate Co.*, 300 F.2d 617, 621 (8th Cir.)); *Brizzolara*, 218 S.W.2d at 730, 214 Ark. at 873.  In this case, the defendants offer evidence that the word "minerals" as it was used in the 1934 deed at issue included oil and gas deposits, and the plaintiffs offer evidence to the contrary.  Because there is a genuine issue of material fact as to whether the reservation of "minerals" includes oil and gas, summary judgment is not appropriate.

## CONCLUSION

For the reasons stated above, summary judgment for the defendants is DENIED.  Summary judgment for the plaintiffs is also DENIED.

IT IS SO ORDERED this 16th day of November, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE