**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

WILLIAM C. ROBERTSON                                                                PLAINTIFFS
and CAREY W. ROBERTSON

v.                                        No. 1:09CV00020 JLH

UNION PACIFIC RAILROAD COMPANY
and XTO ENERGY INC.                                                                 DEFENDANTS


<u>**OPINION AND ORDER**</u>

Defendants Union Pacific Railroad Company and XTO Energy Inc., have filed a motion to

reconsider this Court's November 16, 2009, order denying their motion for summary judgment.

Their motion is based in large part on a decision issued June 8, 2010, by the Eighth Circuit Court

of Appeals in *Griffis v. Anadarko E & P Co.*, 606 F.3d 973 (8th Cir. 2010).  On July 1, 2010, the

plaintiffs filed a motion to stay the proceedings pending the resolution of a petition for rehearing in

*Griffis*, which this Court granted.  Thereafter, the Eighth Circuit denied the petition, and the

plaintiffs filed a motion asking this Court to certify a question of law to the Supreme Court of

Arkansas.  For the following reasons, the defendants' motion for reconsideration of the Court's

summary judgment order is granted, and the plaintiffs' motion to certify a question of law to the

Supreme Court of Arkansas is denied.

The plaintiffs are the present owners of the real property in question.  They trace their

ownership of the property to an August 28, 1934, conveyance from the Missouri Pacific Railroad

Company to M.H. Pierce and Guy Young that reserved to the Missouri Pacific Railroad Company

"and each of their successors and assigns, all the minerals upon, in, or under the said land or any part

thereof."  Union Pacific, the successor in interest to Missouri Pacific Railroad Company, and XTO,

the owner of the working interest in the oil and gas rights claimed by Union Pacific, contend that the 1934 reservation of mineral rights includes oil and gas interests.  The plaintiffs argue that it does not.

Union Pacific and XTO ask this Court to reconsider its order denying the parties' cross motions for summary judgment in light of an argument, adopted in *Griffis*, that was not clearly articulated in the defendants' previous motion.  The arguments of the parties and the decision of this Court were based on the assumption that the Court should consider facts relevant to how the word "minerals" was used in the county wherein the deed was executed at the time of the deed's execution.  After this Court's opinion was entered, the Eighth Circuit decided *Griffis*, holding as a matter of law that by 1936 a reservation of minerals or mineral rights in an Arkansas deed was sufficient to identify oil and gas.  *Griffis*, 606 F.3d at 974.  Relying on *Sheppard v. Zeppa*, an Arkansas Supreme Court case involving a 1937 deed, the Eighth Circuit held that by 1935 a general reservation of mineral rights in a deed "was effective to withhold oil, gas, and other minerals from the conveyance."  *Id.* (quoting *Sheppard*, 199 Ark. 1, 12-13, 133 S.W.2d 860, 866 (1939)).  The Eighth Circuit also cited to *Missouri Pacific Railroad Co. v. Strohacker*, a 1941 opinion in which the Arkansas Supreme Court said, "It can no longer be doubted that a reservation of minerals, or of mineral rights, is sufficient to identify oil and gas."  *Id.* (quoting *Strohacker*, 202 Ark. 645, 652, 152 S.W.2d 557, 561 (1941)).

The plaintiffs argue against the adoption of a bright-line rule that a general reservation of mineral rights in a deed executed in Arkansas in 1934, three years before the deed at issue in *Sheppard* and two years before the deed at issue in *Griffis*, reserves the rights to oil and gas deposits as a matter of law.  They argue that the Court should apply the doctrine articulated in *Strohacker* and described by this Court in its November 16, 2009, opinion.  Under the *Strohacker* Doctrine, courts

2

consider evidence such as the production and exploration of oil and gas in the area at the time the deed was executed to determine whether legal or commercial usage assumed that the term "minerals" includes oil and gas. *Strohacker*, 202 Ark. at 650-51, 152 S.W.2d at 561.

As in *Griffis*, the plaintiffs' claim need not "pass muster under *Strohacker*, because we think that [the defendant is] entitled to judgment on another ground." *Griffis*, 606 F.3d at 974. The *Strohacker* decision dealt with deeds executed in 1892 and 1893. In the *Strohacker* opinion, the court indicated the result would have been different if the case had involved a reservation of mineral rights in deeds that had been executed more recently:

> If the reservations had been made at a time when oil and gas production, or explorations, were general, and legal or commercial usage had assumed them to be within the term "minerals," certainly appellant should prevail. As early as 1911 gas was referred to in this state as a mineral . . . .
>
> *It can no longer be doubted that a reservation of minerals, or of mineral rights, is sufficient to identify oil and gas.*

*Strohacker*, 202 Ark. at 650-52, 152 S.W.2d at 561 (emphasis added). Thus, by 1941 "the Arkansas Supreme Court did not doubt that gas exploration or production was . . . general throughout the state or that legal or commercial usage everywhere in the state had by that time come to accept gas as a mineral." *Griffis*, 606 F.3d at 974. In *Sheppard*, the Supreme Court of Arkansas did not elaborate on its rule that a general reservation of minerals in a 1937 deed as a matter of law included the right to oil and gas. "It apparently believed that the matter was common knowledge and too manifest to require proof. A fact so obvious as this cannot reasonably be said to have sprung up abruptly in 1937. . . ." Order Denying Pet. for Rhrg. at 2, *Griffis v. Anadarko E & P Co.*, No. 09-3117 (8th Cir. July 14, 2010). Likewise, it would be unreasonable to conclude that the term "minerals" included oil and gas in 1937 but did not include oil and gas in August 1934. *See id.* As the Eighth Circuit

noted, "all of the deeds involving gas interests that the Supreme Court of Arkansas has tested by the *Strohacker* criteria were executed in the late nineteenth and very early twentieth century, when the oil-and-gas industry was in its infancy.  The latest such deed was dated 1905."  *Id.*

Following *Griffis*, this Court holds that a general reservation of mineral rights in a deed executed in Arkansas in 1934 includes oil and gas as a matter of law.

For that reason, the defendants' motion for reconsideration is GRANTED.  Document #26. Summary judgment is entered for the defendants.  The plaintiff's motion to certify a question of law to the Supreme Court of Arkansas is DENIED.[1]  Document #36.

IT IS SO ORDERED this 24th day of August, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiffs ask the Court to certify the following question to the Arkansas Supreme Court:

> Whether the *Strohacker* Doctrine applies to a claim for oil or gas arising under a general reservation of minerals made on August 28, 1934, or whether the meaning of a reservation made on that date is controlled by the Arkansas Supreme Court's decision in *Sheppard v. Zeppa*, 199 Ark. 1, 133 S.W.2d 860 (1939).

Pursuant to Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, "[t]he Supreme Court may . . . answer questions of law certified to it by order of a federal court of the United States if there are involved in any proceeding before it questions of Arkansas law . . . as to which it appears to the certifying court there is no controlling precedent."  The Court finds the language of both *Strohacker* and *Sheppard* controlling; thus, certification would be inappropriate.